### McCORMICK v. OLBINSKI.

1. APPEAL—EVIDENCE—OBJECTIONS.
    Rulings on the admission of testimony will not be reviewed in the absence of objections or exceptions, or on other objections than made in the court below.

2. SAME—HARMLESS ERROR.
    The admission of immaterial testimony that could not have affected the result is not reversible error.

Error to Kent; Wolcott, J. Submitted December 3, 1902. (Docket No. 187.) Decided December 16, 1902.

*Assumpsit* by Henry F. McCormick and Simon La Grou, copartners as McCormick & La Grou, against Antonia Olbinski, for services rendered. From a judgment for plaintiffs, defendant brings error. Affirmed.

*Roger Olbinski* (*E. J. Adams*, of counsel), for appellant.

*Grove & McDonald*, for appellees.

Grant, J.  This suit originated in justice's court, where plaintiffs had judgment.  The amount involved is $110, of which $100 is for the services of plaintiffs as attorneys in defending Frank Olbinski, a son of the defendant, who was charged with larceny of property exceeding in value $25, and is the only item in controversy.  Her son was acquitted.  Plaintiffs attended to the examination before the justice and the trial in the superior court.  The defendant denied that she employed them.  This was the chief issue.  The reasonableness of the charge cannot be seriously disputed.  Verdict and judgment were rendered for the plaintiffs.

Fifty-three assignments of error are made and insisted upon.  Forty-six of them relate to the rulings of the court upon the testimony during the progress of the trial.  To some of these no objection was made; to others no objection was taken; in others the objections now made were not made in the court below.  In some cases the testimony admitted may have been immaterial, and could have been properly excluded, but it could not have prejudiced the defendant or affected the result.  The charge of the court stated the questions at issue, and covered the principles of law necessary for the instruction and direction of the jury.

We find no prejudicial error, and the judgment is affirmed.

The other Justices concurred.